**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000640
20-JAN-2016
09:47 AM**

NO. CAAP-15-0000640

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In re Application of MAUI ELECTRIC COMPANY, LIMITED
For Approval of the Amended and Restated Power Purchase
Agreement With Hawaiian Commercial & Sugar Company

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
STATE OF HAWAI'I
(PUC Docket No. 2015-0094)

ORDER GRANTING MAUI ELECTRIC COMPANY, LTD'S
NOVEMBER 9, 2015 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

Upon consideration of (1) Appellant-Appellee Maui Electric Company, Ltd.'s (Maui Electric) November 9, 2015 motion to dismiss appellate court case number CAAP-15-0000640 for lack of appellate jurisdiction, (2) Intervenor-Appellant Sierra Club's (Sierra Club) November 17, 2015 memorandum in opposition to Maui Electric's motion, (3) the November 25, 2015 order authorizing

Maui Electric to file an reply memorandum, (4) Maui Electric's November 25, 2015 reply memorandum, (5) the Public Utilities Commission's (PUC) November 9, 2015 statement contesting jurisdiction and (6) the record in this case, we grant Maui Electric's motion to dismiss the appeal.

Administrative appeals commence in circuit court "except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 91-14(b) (1993 & Supp. 2015). "Matters relating to the PUC are governed by HRS ch. 269." Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 327, 944 P.2d 1265, 1270 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999). HRS § 269-15.5 (2007) authorizes an aggrieved person in a contested case to appeal from certain final orders of the PUC directly to this court:

§ 269-15.5. Appeals.

An appeal from an order of the public utilities commission under this chapter shall lie subject to chapter 602, in the manner provided for civil appeals from the circuit courts. Only a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91-14(a). The commission may elect to be a party to all matters from which an order of the commission is appealed, and the commission may file appropriate responsive briefs or pleadings in the appeal; provided that where there was no adverse party in the case below, or in cases where there is no adverse party to the appeal, the commission shall be a party to all matters in which an order of the commission is appealed and shall file the appropriate responsive briefs or pleadings in defending all such orders. The appearance of the commission as a party in appellate proceedings in no way limits the participation of persons otherwise qualified to be parties on appeal. The appeal shall not of itself stay the operation of the order appealed from, but the appellate court may stay the order after a hearing upon a motion therefor and may impose conditions it deems proper, including but not limited to requiring a bond, requiring that accounts be kept, or requiring that other measures be taken as ordered to secure restitution of the excess charges, if any, made during the pendency of the appeal, in case the order appealed from is sustained, reversed, or modified in whole or in part.

-2-

(Emphasis added).

In this case, Sierra Club is appealing from a PUC proceeding directly to this court pursuant to HRS § 269-15.5, which specifically provides that "[o]nly a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91-14(a)." (Emphasis added). A contested case is "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." HRS § 91-1(5) (2012) (emphases added). The Supreme Court of Hawai'i has held that,

> [i]f the statute or rule governing the activity in question does not mandate a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not required by law and do not amount to a final decision or order in a contested case from which a direct appeal to circuit court is possible.

Bush v. Hawaiian Homes Commission, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994) (citations and internal quotation marks omitted). When a statute limits administrative appeals to orders in a contested case,

> in order for proceedings before an agency to constitute a contested case from which an appeal can be maintained, the agency must be required by law to hold a hearing before a decision is rendered. Stated differently, discretionary hearings are not contested cases because they are not required by law.

Lingle v. Hawaii Government Employees Association, 107 Hawai'i 178, 184, 111 P.3d 587, 593 (2005) (citation omitted; emphases added). Thus, for example, we dismissed an administrative appeal directly from the PUC with respect to an order dismissing a

petition for declaratory relief, because no statute or rule required the PUC to hold a hearing on the petition for declaratory relief, and, thus, the administrative proceeding did not qualify as a contested case, and, consequently, HRS § 269-15.5 did not authorize an appeal from the PUC's dismissal order directly to this court:

> PUC issued its Dismissal Order pursuant to HRS § 91-8 (1993) and HAR §§ 6-61-159, 6-61-162, and 6-61-164 (1992). The administrative rules establish that a hearing on a petition for a declaratory ruling is a discretionary hearing and, therefore, not a contested case. HAR § 6-61-159 provides that an interested person may petition PUC to issue a declaratory order. Pursuant to HAR § 6-61-162, PUC may deny the petition, issue a declaratory order, or set the matter for hearing. HAR § 6-61-164 provides examples of reasons why PUC may deny the petition or refuse to issue a declaratory order. Because a hearing on a petition for a declaratory order before PUC is discretionary and not required by law, the Dismissal Order was not a contested case. Lingle, 107 Hawaiʻi at 184, 111 P.3d at 593. Accordingly, because HRS § 269-15.5 only applies to contested cases, Tawhiri Power was not entitled to appeal the Dismissal Order directly to this court.
>
> Tawhiri Power should have filed an appeal to the circuit court pursuant to HRS §§ 91-8 and 91-14. In Lingle, the Hawaiʻi Supreme Court held that "orders disposing of petitions for declaratory rulings under HRS § 91-8 are appealable to the circuit court pursuant to HRS § 91-14." Lingle, 107 Hawaiʻi at 186, 111 P.3d at 595.
>
> Because Tawhiri Power did not have the right to appeal directly to this court, we lack jurisdiction over Tawhiri Power's appeal.

In re Tawhiri Power LLC, 126 Hawaiʻi 242, 245-46, 269 P.3d 777, 780-81 (App. 2012) (footnotes omitted).

In this case, Sierra Club sought to intervene or participate without intervention in Maui Electric's Application for Approval of the Amended and Restated Purchase Agreement With Hawaiian Commercial & Sugar Company (Application) filed with the PUC. Sierra Club is appealing from: (1) PUC Order 32901, which denied (a) Sierra Club's Motion to Intervene or to Participate

-4-

Without Intervention and (b) Sierra Club's Motion to Admit Counsel Pro Hac Vice (Motion to Intervene), and (2) PUC Order 33034, which denied Sierra Club's motion for reconsideration of Order 32901 (Motion for Reconsideration).[1]

Under similar circumstances, we dismissed appeals from PUC orders denying motions to intervene on the ground that the appellants were not persons aggrieved in a contested case proceeding, and therefore, this court lacked jurisdiction over the appeals pursuant to HRS 269-15.5. In re T-Mobile West Corp., No. CAAP-12-0001117, 2013 WL 1501028 (Hawai'i App. Apr. 11, 2013); In re Coral Wireless, No. CAAP-12-0001119, 2013 WL 1729717 (Hawai'i App. Apr. 22, 2013). We conclude that the PUC was not required by law to hold a hearing on the Application. Accordingly, we conclude that Sierra Club was not "a person aggrieved in a contested case proceeding" within the meaning of HRS 269-15.5, that Sierra Club was not entitled to appeal from the PUC's denial of Sierra Club's Motion to Intervene and Motion for Reconsideration, and that we lack jurisdiction over this appeal. See Tawhiri Power LLC, 126 Hawai'i at 245-46, 269 P.3d at 780-81; In re T-Mobile West Corp., 2013 WL 1501028; In re Coral Wireless, 2013 WL 1729717.

---

[1] In circuit court cases, the Hawai'i Supreme Court has held that "[a]n order denying an application for intervention under HRCP Rule 24 is a final appealable order under HRS § 641-1(a)." Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted). "The appealability of such an order is based upon the collateral order doctrine." Id. (citation omitted). In this case, Sierra Club is not appealing from a circuit court case pursuant to HRS § 641-1(a), but is appealing from a PUC proceeding directly to this court pursuant to HRS § 269-15.5.

IT IS HEREBY ORDERED that Maui Electric's motion to dismiss this appeal for lack of jurisdiction is granted and this appeal is dismissed.

DATED: Honolulu, Hawai'i, January 20, 2016.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M Reifurth*

Associate Judge